09-3153-ag
Nency v. Holder

BIA
Holmes-Simmons, IJ
A099 587 585

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of May, two thousand ten.

PRESENT:
>ROBERT D. SACK,
>ROBERT A. KATZMANN,
>RICHARD C. WESLEY,
>>*Circuit Judges.*

_____

NENCY NENCY,
>*Petitioner*,

>v.                                                     09-3153-ag
>                                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:        Aaron Shapiro, New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Christopher C. Fuller,
                       Senior Litigation Counsel; Aaron R.
                       Petty, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Nency Nency, a native and citizen of Indonesia, seeks review of a June 26, 2009, order of the BIA, affirming the undated decision of Immigration Judge ("IJ") Theresa Holmes-Simmons,[1] which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Nency Nency*, No. A099 587 585 (B.I.A. June 26, 2009), *aff'g* No. A099 587 585 (Immig. Ct. N.Y. City Sept. 24, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d

---

[1] On September 24, 2007, the Immigration Court issued a summary of the IJ's oral decision, which is noted to have been entered the same day.

Cir. 2007).

The agency did not err in its determination that the harm Nency alleged - which consists primarily of one incident when she fled from a group of native Indonesians, and two incidents when native Indonesian men groped her in public - did not rise to the level of past persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006)(stating that "persecution does not encompass mere harrassment"). Therefore, the agency also did not err in denying Nency relief based on her asserted well-founded fear of persecution, to the extent that her fear was based on the harm she suffered in the past. *See* 8 C.F.R. §§ 208.13(b)(1); 1208.16(b)(1) (mandating that only when an applicant has established past persecution is she presumed to have a well-founded fear of persecution). Finally, because Nency does not challenge the BIA's dispositive grounds for rejecting her "pattern or practice" claim – namely, that she failed to raise the claim before the IJ – we do not reach this issue. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008).

Because the agency did not err in concluding that Nency failed to establish a well-founded fear of persecution if

returned to Indonesia, the agency's denial of her application for asylum, withholding of removal, and CAT relief was not in error insofar as all three claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4